UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>　　　　　**Plaintiff,**<br><br>v.<br><br>**ERAN SHEMESH,**<br><br>　　　　　**Defendant.** | Civ. No. 20-16305 (KM)(ESK)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

　　　　The United States (the "Government") initiated this civil action to collect penalties assessed against Defendant Eran Shemesh under 31 U.S.C. § 5321(a)(5) for his failure to report his interest in a foreign bank account for certain years. Because Mr. Shemesh has failed to answer the Complaint or otherwise respond in this matter, the Government moved for default judgment.

　　　　For the reasons provided herein, I will grant the Government's motion.

　　**I.　　Summary**[1]

　　　　**a.　Factual Allegations**

　　　　Mr. Shemesh is a citizen of Israel and the United States who moved to the United States in 2000 and resides in New Jersey. (Compl. ¶¶4, 8.) In 2010, Mr. Shemesh opened a non-interest-bearing checking account in Bank

---

[1]　　Citations to the record will be abbreviated as follows. Citations to page numbers refer to the page numbers assigned through the Electronic Court Filing system, unless otherwise indicated:

　　"DE" = Docket entry number in this case.

　　"Compl." = Complaint (DE 1)

　　"Decl." = Declaration of Debt (DE 5-2)

1

Hapoalim in Israel. (*Id.* ¶9.) The aggregate balance in that account exceeded $10,000 in the years 2011 through 2015. (*Id.* ¶10.) The Government alleges that Mr. Shemesh failed to timely file a Report of Foreign Bank Account and Financial Accounts ("FBAR") for the calendar years 2011 to 2015, as he was required to do pursuant to 31 U.S.C. § 5314. (*Id.* ¶5, 11.)

On August 12, 2016, Mr. Shemesh filed "delinquent FBAR returns" for tax years 2011 through 2015. (*Id.* ¶12.) On September 5, 2017, the Internal revenue Service ("IRS") notified Mr. Shemesh that it "proposed a penalty for his non-willful failure to timely file FBARs for calendar years 2011 through 2014." (*Id.* ¶13.) On October 5, 2017, Mr. Shemesh protested that proposed penalty. (*Id.* ¶14.) Then, on November 13, 2018, Mr. Shemesh consented to a reduced penalty of $31,475, which was assessed on November 19, 2018. (*Id.* ¶15.) The calculation of that penalty is as follows:

| Calendar Year | Appeals Adjustment |
|---|---|
| 2011 | $6,000 |
| 2012 | $6,000 |
| 2013 | $6,000 |
| 2014 | $6,000 |
| 2015 | $7,475 |
| Total Amount | $31,475 |

(*Id.*)

Mr. Shemesh has failed or refused to make full payment of that assessed penalty despite the Government's notice and demand for payment. (*Id.* ¶16.) Due to Mr. Shemesh's nonpayment, interest and penalties have accrued on the assessment penalty pursuant to 31 U.S.C. § 3717. (*Id.* ¶17.)

### b. Procedural History

On November 17, 2020, the Government filed its Complaint against Mr. Shemesh seeking $33,551.40 as of October 29, 2019, plus further interest and penalties after that date provided by law, and costs of suit. (Compl. ¶¶A-B.) Mr.

Shemesh failed to answer or otherwise respond to the Complaint and the Clerk entered default on February 25, 2021. The Government now moves for default judgment and seeks an award of $36,630.01, plus accrued prejudgment interest, and accrued late payment penalties from March 22, 2021 to the date of judgment. The Government submits that post-judgment interest and post-judgment late-payment penalties shall accrue until judgment is paid in full pursuant to 31 U.S.C. § 3717(e)(2) and 31 C.F.R. §§ 5.5(a) and 901.9.

### II. Discussion
#### a. Legal Standard

"[T]he entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Because the entry of a default judgment prevents the resolution of claims on the merits, "this court does not favor entry of defaults and default judgments." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). Thus, before entering default judgment, the Court must determine whether the "unchallenged facts constitute a legitimate cause of action" so that default judgment would be permissible. *DirecTV, Inc. v. Asher*, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing Wright, Miller, Kane, 10A Fed. Prac. & P. Civil 3d § 2688, at 58–59, 63).

"[D]efendants are deemed to have admitted the factual allegations of the Complaint by virtue of their default, except those factual allegations related to the amount of damages." *Doe v. Simone*, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013). While "courts must accept the plaintiff's well-pleaded factual allegations as true," they "need not accept the plaintiff's factual allegations regarding damages as true." *Id.* (citing *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008)). Moreover, if a court finds evidentiary support to be lacking, it may order or permit a plaintiff seeking default judgment to provide additional evidence in support of the allegations. *Doe*, 2013 WL 3772532, at *2.

### b. Prerequisites for Entry of Default Judgment

Before a court may enter default judgment against a defendant, the plaintiff must have properly served the summons and complaint, and the defendant must have failed to file an answer or otherwise respond to the complaint within the time provided by the Federal Rules, which is twenty-one days. *See Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 18–19 (3d Cir. 1985); Fed. R. Civ. P. 12(a).

Here, the Complaint was filed on November 17, 2020. (DE 1.) Mr. Shemesh waived service of the Summons and Complaint on December 15, 2020, and that waiver was filed on December 18, 2020. (DE 3.) Mr. Shemesh failed to answer or otherwise respond to the Complaint within the deadline and the Clerk's entry of default was duly noted on February 25, 2021. Therefore, the prerequisites for default have been satisfied

### c. Three-Factor Analysis

After the prerequisites have been satisfied, a court must evaluate the following three factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

#### i. Factor one: Existence of a meritorious defense

As always, evaluation of the first factor is made difficult by the defendant's failure to answer or to oppose the motion for default judgment. Nevertheless, my independent review of the record does not suggest that the Government's claims are legally flawed.

The Government initiated this action to collect the penalties assessed against Mr. Shemesh for his failure to report his interest in a foreign bank account for the tax years 2011 through 2015. The Bank Secretary Act ("BSA") of 1970 directs the Secretary of the Treasury to require citizens of the United States to "keep records and file reports" when such citizen "makes a

transaction or maintains a relation for any person with a foreign financial agency." 31 U.S.C. § 5314. The Secretary has implemented the BSA "through various regulations, including 31 C.F.R. § 1010.350, which specifies that certain United States persons must annually file [an FBAR] with the IRS." *Bedrosian v. United States*, 912 F.3d 144, 147 (3d Cir. 2018). Such FBAR must be filed "on or before June 30 of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 1010.306(c).

The civil penalties for failing to file an FBAR are set forth in 31 U.S.C. § 5321(a)(5). *Bedrosian*, 912 F.3d at 147. The maximum penalty for a non-willful violation, such as the violation in issue, is $10,000. *Id.* (citing 31 U.S.C. § 5321(a)(5)(B)(i)).

Here the Complaint alleges that, from the years 2011 to 2015, Mr. Shemesh was subject to the reporting requirements of 31 U.S.C. § 5314 because (1) he was a citizen of the United States, (2) he had an interest in a foreign financial account, and (3) the balance of that account exceeded $10,000 in each relevant year. (Compl. ¶¶8-10.) Further, the Complaint alleges that Mr. Shemesh failed to timely file FBARs for those years. (*Id.* ¶10.) Thus, Mr. Shemesh failed to comply with the reporting requirements of 31 U.S.C. § 5314. Additionally, in September 2017, the IRS proposed civil penalties, and, in November 2018, Mr. Shemesh consented to a penalty amount of $31,475. (*Id.* ¶¶13-15.) That penalty was assessed on November 19, 2018 and remains outstanding. (*Id.* ¶¶15-16.)

Because Mr. Shemesh (1) failed to comply with the reporting requirements of 31 U.S.C. § 5314; (2) consented to a penalty amount; and (3) failed to fulfill his payment obligations, I find factor one weighs in favor of default.

### ii. Factors two and three: Prejudice to the government and Mr. Shemesh's culpability

The second and third factors also weigh in favor of default. Mr. Shemesh waived service but failed to appear, defend, or otherwise respond to the Complaint. It is clear that the Government has been prejudiced by this dereliction because it has been "prevented from prosecuting their case, engaging in discovery, and seeking relief in the normal fashion." *See Teamsters Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011) (find that a defendant's failure to answer prejudices the plaintiff); *see also Gowan v. Cont'l Airlines, Inc.*, 2012 WL 2838924, at *2 (D.N.J. Jul. 9, 2012) ("[Plaintiff will suffer prejudice if the Court does not enter default judgment as Plaintiff has no other means of seeking damages for the harm caused by Defendant.").

Additionally, absent any evidence to the contrary, "the Defendant's failure to answer evinces the Defendant's culpability in default." *Teamsters Pension Fund of Philadelphia & Vicinity*, 2011 WL 4729023 at *4. In this case, "there is nothing before the Court to show that the Defendant's failure to file an answer was not willfully negligent." *Id.* (citing *Prudential Ins. Co. of America v. Taylor*, 2009 WL 536043, at *1 (D.N.J. Feb. 27, 2009)) (finding that when there is no evidence that the defendant's failure to answer the complaint was due to something other than its own willful negligence, the defendant's conduct is culpable and default judgment is warranted).

Overall, then, the three factors support the entry of default judgment.

### d. Remedies

The Government seeks penalties in the amount of $36.630.01, inclusive of the assessed FBAR penalties ($31,475.00), prejudgment interest ($736.43) and late-payment penalties ($4,418.58). (Decl. ¶4.) Interest and penalties are expressly permitted by 31 U.S.C. § 3717. Therefore, I will enter judgment in favor of the Government for the requested amount.

Additionally, I will order accrued prejudgment interest on the FBAR penalty assessment as provided by 31 U.S.C. § 3717(a)(1) and accrued late-payment penalties under 31 U.S.C. §3717(e)(2) from and after March 22, 2021 and to the date of entry of this judgment. The post-judgment interest on the FBAR penalty assessment shall accrue pursuant to 28 U.S.C. § 1961(a) and post-judgment late-payment penalties shall accrue pursuant to 31 U.S.C. § 3717(e)(2) and 31 C.F.R. §§ 5.5(a) and 901.9, until the judgment is paid in full.

### III.   Conclusion

For the reasons set forth above, I will grant the Government's motion (DE 5) for default judgment.

An appropriate order follows.

Dated: August 19, 2021

/s/ Kevin McNulty

**Kevin McNulty**
**United States District Judge**